{¶ 31} I generally agree with the majority's analysis and disposition of appellant's sole assignment of error. My only disagreement lies in the majority's conclusion, "The UM/UIM endorsement, which reduced the amount of coverage from the amount of coverage under the liability portion of the policy, was invalid." Maj. Op. at para. 15. I disagree.
 {¶ 32} I believe the UM/UIM endorsement is valid even though the attempted reduction in UM/UIM coverage was improper under Linko, and results in UM/UIM coverage also being created by operation of law. While the attempted reduction of UM/UIM coverage may have been invalid, such does not render the UM/UIM endorsement invalid.
 {¶ 33} As such, I believe Daniel Mason's status as an insured arises from both the definition of "insured" in the UM/UIM endorsement, subject to any restrictions contained therein, and also from the definition of "insured" in the liability section because UM/UIM coverage is also created by operation of law. When created by operation of law, I agree with the majority any restrictions contained within the liability section do not apply.
 {¶ 34} An improperly rejected or reduced UM/UIM endorsement may serve to broaden coverage above that created by operation of law, but it cannot serve to limit or reduce the amount of coverage created by operation of law.
 {¶ 35} However, because my only disagreement with the majority's analysis does not change my agreement with the outcome it reaches, I concur in the majority's decision to reverse and remand this case.